1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   **VICTOR EUGENE AUSTIN JR,**            Case No.:  17-CV-01950-MMA-WVG

12                              Petitioner,
                                           **REPORT AND**
13   v.                                    **RECOMMENDATION FOR ORDER**
                                           **GRANTING MOTION TO DISMISS**
14   **C. PFEIFFER, Warden,**              **PETITION FOR WRIT OF HABEAS**
                                           **CORPUS**
15                              Respondent.

16                                         **[ECF NO. 15]**

17

18                        I.  **INTRODUCTION**

19        Currently before the Court is Respondent C. Pfeiffer's ("Respondent") Motion to

20   Dismiss ("Motion") Petitioner Victor Eugene Austin Jr.'s ("Petitioner") First Amended

21   Petition for Writ of Habeas Corpus ("FAP") as untimely because it is barred by the statute

22   of limitations, and because the sole claim for relief challenges only state law and does not

23   present a federal claim. (Mot., ECF No. 15 at 3, 8.)

24        The Court, having reviewed the FAP, the Motion to Dismiss, and all supporting

25   documents submitted by both parties, **RECOMMENDS** the Motion be **GRANTED** in part

26   and **DENIED** in part and the Petition be **DISMISSED WITH PREJUDICE**.

27   / / /

28   / / /

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. State Court Trial and Appeal

On February 22, 2012, Petitioner pled guilty of possessing cocaine base for sale (Cal. Health & Saf. Code §11351.5) and pandering (Cal. Penal Code §266i (a)(2)). (FAP, ECF No. 12 at 3.) Petitioner also admitted he used a firearm during the drug offense, had a prior drug offense conviction, and a prior strike conviction. (*Id.*) Pursuant to a plea agreement, Petitioner was sentenced to a total of eleven years and eight months in state prison on April 19, 2013. (*Id.*) California Health and Safety Code Section 11351.5 was amended in 2015 to reduce the minimum sentence for cocaine base related crimes, whereafter Petitioner sought to have his sentence reflect the reduced minimum sentence. (*Id.* at 5.)

Respondent concedes that on January 1, 2015, pursuant to the enactment of Senate Bill 1010 (California Fair Sentencing Act), the California Health and Safety Code Section 11351.5 was amended to provide that every person who possesses cocaine base for sale, or purchases cocaine base for purposes of sale, is subject to imprisonment for two, three, or four years as opposed to the three, four, or five year sentence scheme that existed prior to the amendment. (Mot. at 2; 15.)

On May 21, 2015, Petitioner constructively[1] filed a request in California superior court to have his sentence reduced to the lower term of two years as provided in the newly amended statute. On July 17, 2015, the request was denied because the superior court found the amendment of the statute was not retroactive, and thus Petitioner was not entitled to relief. (FAP 35; Mot. at 2.)

On April 4, 2016, Petitioner constructively filed a habeas petition in the California

---

[1] Petitioner's documents are deemed constructively filed because under the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), an incarcerated *pro se* prisoner's pleading is deemed filed at the moment of delivery to prison officials. This mailbox rule has been extended to both state and federal habeas corpus petitions for purposes of applying the AEDPA statute of limitations. *See Miles v. Prunty*, 187 F.3d 1104, 1106 n. 2 (9th Cir. 1999).

Court of Appeal, renewing his request to have his sentence reduced pursuant to the same statute. (Lod. 6, ECF No. 8-6.) On April 21, 2016, the petition was denied because Petitioner's judgment was final prior to the effective date of the amended statute, the statute was not retroactive, and Petitioner had failed to state a *prima facie* claim that the plea agreement he signed entitled him to benefit from a change in law. (FAP at 31; Mot. at 2.)

On June 17, 2016, Petitioner filed a habeas petition in the Supreme Court of California, raising the same claim. (Lod. 8, ECF No. 8-8.) On August 31, 2016, the petition was denied without comment. (FAP at 57; Mot. at 3.)

### B. <u>Habeas Petition in Federal Court</u>

On September 21, 2017, Petitioner constructively filed his original federal habeas petition *pro se*, claiming his sentence should be reduced to reflect the amendment of California Health and Safety Code Section 11351.5. (ECF No. 1.) On January 2, 2018, Respondent filed a motion to dismiss the petition as time barred by the statute of limitations. (ECF No. 7 at 3-6.) On February 1, 2018, Petitioner filed an Opposition to Respondent's motion to dismiss. (ECF No. 10.) On February 28, 2018, Petitioner filed his FAP raising the same claims presented in his original federal petition.

In an order issued on March 3, 2018, the Court denied Respondent's motion to dismiss as moot because it had accepted Petitioner's FAP. (ECF No. 13 at 1-2.) Respondent filed the present Motion on April 20, 2018, claiming the FAP was barred by the statute of limitations and Petitioner failed to raise a federal question. (Mot. 5 at 3, 8.) Petitioner constructively filed his Opposition to the Motion on June 5, 2018. (Pet's Opp'n, ECF No. 17 at 1.)

### III. <u>DISCUSSION</u>

### A. <u>TIMELINESS OF THE PETITION</u>

The FAP is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year statute of limitations period to file a federal petition for writ of habeas corpus after a statutorily specified trigger date. 28 U.S.C. § 2244(d); *see also Smith v. Mahoney*, 611 F.3d 978, 993 (9th Cir. 2010) (holding the one-year statute of

limitations on habeas petitions begins the date the state judgment became final, not including time for post-conviction review). AEDPA states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

### 1. <u>Limitations Period Commencement Date</u>

Respondent contends that because Petitioner did not file a direct appeal, the one-year limitations period commenced on June 18, 2013, sixty days after Petitioner was sentenced.[2] (Mot. at 4.)

Petitioner appears to argue the FAP is governed by 28 U.S.C. § 2254, which does not provide a statute of limitations, and cites *Williams v. Taylor*, 529 U.S. 362 (2000).[3]

---

[2] In California, an appeal of a conviction must be filed within 60 days after a sentence is rendered and a "sentence" constitutes a "final judgment" for purposes of a defendant's right to appeal. *See* Cal. R. Ct. 8.308(a); Cal. Pen. Code § 1237(a).

[3] In *Williams*, the Supreme Court found, *inter alia*, that *Lockhart v. Fretwell*, 506 U.S. 364 (1993) did not modify or supplant the standard for analyzing the effectiveness of counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Williams*, 529 U.S. at 391.

While this limited reading of § 2254 is correct in that it does not outline a statute of limitations, both §§ 2244 and 2254 are subsections of AEDPA to be read in conjunction, not in isolation. Similarly, Petitioner's citation to *Williams* is not helpful because it does not address timeliness or the statute of limitations. Petitioner's argument that AEDPA has no statute of limitations is simply incorrect.

The Court finds the latest start date to be June 18, 2013, when Petitioner's judgment became final upon expiration of the time for him to seek review under 28 U.S.C. § 2244(d)(1) subsection A, and that no later date applies. *See United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000) (quoting *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999) (holding if a defendant does not pursue a timely appeal, the conviction and sentence becomes final, and the statute of limitation begins to run, on the date for filing such an appeal expired.)

As Respondent contends and the Court concurs, the one-year statute of limitations commenced on June 18, 2013, making June 18, 2014 the final date for Petitioner to timely file a habeas petition. Petitioner does not argue there was an impediment that prevented him from filing a timely petition nor does there appear to be any suggestion of this in the record. Thus, no later start date is permitted under subsection B of 28 U.S.C. § 2254(d)(1). This leaves subsections C and D as Petitioner's only basis upon which the commencement date of the limitations period might extend beyond June 18, 2013.

Petitioner claims the Supreme Court discussed the disproportionality of sentencing between cocaine base and powder cocaine offenses in *Kimbrough v. United States*, 552 U.S. 85 (2007).[4] (Pet's Opp'n at 1-2.) The Court construes this as an argument that subsections C and D provide statutory tolling. Setting aside that *Kimbrough* has nothing to do with the statute at issue in this matter, *Kimbrough* was decided in 2007, eight years

---

[4] In *Kimbrough*, the Supreme Court found that federal sentencing guidelines, particularly those dealing with crack cocaine and powder cocaine, are advisory only. *Kimbrough*, 552 U.S. at 91.

before the statute was amended and six years before Petitioner's conviction became final. Therefore, even if *Kimbrough* did recognize the statute was a new right that was retroactively applicable, which it could not have possibly done, such an argument would not be beneficial to Petitioner because it was announced before his conviction. Therefore, he is unable to take advantage of Subsection C. Petitioner also cannot take advantage of a later start date under Subsection D because a change in law is not a new factual predicate. S*ee Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (holding a new court decision was not a new factual predicate).

Accordingly, the Court concludes the date Petitioner's conviction became final, June 18, 2013, is the appropriate date for analyzing the one year limitations, making the last date to file a timely federal habeas petition June 18, 2014. Accordingly, the FAP constructively filed on September 21, 2017 is clearly time-barred, absent grounds for statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

### 2. Statutory Tolling

Having determined that Petitioner's judgment became final on June 18, 2013, Petitioner had until June 18, 2014 to file his federal habeas petition, unless he qualifies for statutory tolling, which the Court finds he does not.

Statutory tolling applies when a petitioner has a properly filed application for review pending in state court. 28 U.S.C. § 2244(d)(2). "'Properly filed' means the petition's 'delivery and acceptance are in compliance with the applicable laws and rules governing filings' in that state." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

Petitioner's request to modify his sentence commenced in state court on May 21, 2015. After the request was denied, Petitioner brought a petition in state appellate and thereafter in state supreme court. The final decision from the state supreme court petition was on August 31, 2016. All of these state filings occurred after the expiration of the federal limitations period. Once the federal limitations period has expired, the filing of a state petition cannot revive the limitations period. *Jiminez v. Rice*, 276 F.3d 478 (9th Cir. 2001).

6

1 | Accordingly, the Court finds no statutory tolling applies.

2 | ### 3. Equitable Tolling

3 | AEDPA's limitations period is subject to equitable tolling in appropriate cases.

4 | *Holland v. Florida*, 560 U.S. 631, 645 (2010). To determine if a petitioner is entitled to

5 | equitable tolling the court must look to whether (1) he has been pursuing his rights

6 | diligently, and (2) some extraordinary circumstance stood in the way and prevented timely

7 | filing. *Id.*, at 649 (citing *Pace v. DiGugelielmo*, 544 U.S. 408, 418 (2005)). However,

8 | "equitable tolling is unavailable in most cases and is appropriate only if extraordinary

9 | circumstances beyond a prisoners control make it impossible to file a petition on time."

10 | *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation and citation

11 | omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high,

12 | lest the exceptions swallow the rule." (*Id.*)

13 | The burden of demonstrating grounds warranting equitable tolling rests with

14 | Petitioner. *Pace*, 544 U.S. at 418; *Miranda*, 292 F.3d at 1066. Petitioner has made no

15 | argument that equitable tolling applies and nothing in the record suggests equitable tolling

16 | is available. Therefore, equitable tolling is unavailable.

17 | ### 4. Conclusion

18 | Since the FAP was not timely filed and no statutory or equitable tolling applies, the

19 | Court **RECOMMENDS** Respondent's motion be **GRANTED** and the Petition

20 | **DISMISSED WITH PREJUDICE**.

21 | ### B. COGNIZABLE FEDERAL CLAIM

22 | Alternatively, Respondent asks the Court to dismiss the Petition, because the FAP

23 | does not raise a cognizable federal claim. (Mot. at 8.) Since the Court is recommending the

24 | Petition be dismissed as untimely, the Court **RECOMMENDS** this portion of the petition

25 | be **DENIED** as moot. However, assuming *arguendo*, the Petition was timely filed, the

26 | Court **RECOMMENDS** the petition be **DISMISSED WITH PREJUDICE** because it

27 | does not invoke federal habeas corpus jurisdiction.

28 | Respondent argues that Petitioner's sole claim in the Amended Petition challenges

17-CV-01950-MMA-WVG

only the state court's application of state law regarding sentencing and that the Amended Petition should be dismissed because the claim does not present a federal question. (Mot. at 8.) Petitioner claims the California Fair Sentencing Act should be applied to him retroactively and the language of the California Fair Sentencing Act indicates that there was an unconstitutional unfairness in the prior sentencing practices. (FAP at 9, 17-25.)

Federal courts are limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McQuire*, 502 U.S. 62, 68 (1991). It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Estelle*, 502 U.S. at 68. Furthermore, absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Here, Petitioner has asked this Court to reexamine the state court's decision regarding California's sentencing laws. Such review is not a cognizable federal claim. Moreover, Petitioner simply states the old statute versus the new statute is constitutionally unfair. Such a conclusory statement is insufficient to establish a fundamental unfairness in the application of the statute.

Therefore, because Petitioner has not stated a cognizable federal habeas corpus claim, the Court hereby **RECOMMENDS** the petition be **DISMISSED.**

## IV. CONCLUSION

Petitioner is not entitled to statutory or equitable tolling to deem his Petition timely. For the aforementioned reasons, the Court **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED** in part and **DENIED** in part. In the alternative, the Court **RECOMMENDS** the Petition be **DISMISSED** with prejudice for failing to state a cognizable federal claim. This Report and Recommendation is submitted to U.S. District Judge Michael M. Anello, pursuant to the provision of 28 U.S.C. Section 636(b)(1).

**IT IS ORDERED** that no later than **December 21, 2018** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

17-CV-01950-MMA-WVG

1    **IT IS FURTHER ORDERED** that any reply to objections shall be filed with the

2    Court and served on all parties no later than **December 28, 2018**. The parties are advised

3    that failure to file objections within the specified time may waive the right to raise those

4    objections on appeal. *Martinez v. Ylst*, 951 F2d 1153 (9th Cir. 1991).

5    **IT IS SO ORDERED.**

6    Dated:  November 15, 2018

7                                                                        _____

8                                                                        Hon. William V. Gallo
                                                                         United States Magistrate Judge

9

17-CV-01950-MMA-WVG